UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENDERRA RX PARTNERS, LLC,

    Plaintiff,

vs.                                                                                                      Case No. 15-13761

DENAY R. LOFTIN and
ELIZABETH R. NAYLOR,                                          HON. AVERN COHN

    Defendants.
_____/

## ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRIVILEGE LOG (Doc. 50)

I.

This is an employment dispute. Plaintiff Senderra RX Partners, LLC (Senderra) claims that defendants Denay R. Loftin (Loftin) and Elizabeth R. Naylor (Naylor) violated state and federal law by improperly taking and disclosing confidential information obtained during their employment with Senderra.

Before the Court is Senderra's Emergency Motion to Compel Privilege Log. (Doc. 50). For the reasons that follow, defendants shall submit within ten (10) days a privilege log consistent with this order to be provided to the Court and Senderra's counsel. Defendants shall also within ten (10) days submit to the Court for an in camera review the 167 documents which they say are subject to the attorney client privilege.[1]

---

[1] The Court is constrained to note that the parties' papers show a complete disregard for the civility principles adopted in this district. Going forward, the parties would better serve their clients interests by following these principles in litigating the case. A copy of the civility principles is found on the Court's website at

II.

The dispute centers on whether 167 documents in defendants' possession are protected from disclosure by the attorney client privilege. The elements of the privilege are as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) unless the protection is waived.

Fausek v. White, 965 F.2d 126, 129 (6th Cir.1992). The party asserting the privilege bears the burden of establishing the existence of the privilege. United States v. Dakota, 197 F.3d 821, 825 (6th Cir.1999). To this end, the Court asked defendants to prepare a privilege log relating to the documents withheld during the course of discovery. That task has proved to be difficult, as explained below.

As to the information to be provided in the log, the parties have spent a good deal of time debating whether the privilege logs should be in the form of a Vaughn index or the form set forth in Cooey v. Strickland, 269 F.R.D. 643 (S.D. Ohio 2010). Cooey has become the benchmark in the Sixth Circuit for preparing the privilege log. See also In re Universal Service Fund Tel. Billing Practices Litig., 232 F.R.D. 669 (D. Kan. 2005).

As to the form of the privilege log, the Court also asked defendants to provide a readable copy of the privilege log because the version submitted to the Court contained text that was nearly impossible to see. In response to the Court's request, defendants' counsel have delivered to the Court "for its convenience" an "enlarged version of the

---

http://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf (last visited 1/25/16).

privilege log." This enlarged version consists of 8 pages each measuring approximately 3 feet by 4 feet. The type size of the various entries is comparatively small in light of the size of the pages. One must still use a magnifying glass and must either get down on ones knees or find a way to mount the pages to the wall in order to read the privilege log. This is completely unacceptable. It appears that defendants' privilege log has been created in a spreadsheet file that they seem unwilling to extract the data from and put into a readable and manageable form. The Court finds it unfathomable that defendants are not able to take the data from the spreadsheet and create, for each of the 167 documents, a privilege log that meets the requirements of Cooey.

To be clear, the privilege log shall contain the following information as to each document:

   1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

   2. The date upon which the document was prepared;

   3. The date of the document (if different from # 2);

   4. The identity of the person(s) who prepared the document;

   5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"

   6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"

7. The number of pages of the document;

8. The party's basis "for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege."

Cooey, 269 F.R.D. 643, 649 (quoting In re Universal Serv., 232 F.R.D. at 673, quoting Hill, 2002 WL 598331, at *2, 2002 U.S. Dist. LEXIS 6637, at *8.)).

The privilege log shall be on standard 8½ by 11 inch paper and follow the requirements for margins and type size as set forth in E.D. Mich. LR 5.1(a)(1).

The privilege log containing the content and in the form described above shall be provided to the Court and plaintiff's counsel within ten (10) days.  Defendants shall also submit to the Court within ten (10) days a copy of each of the 167 documents full text for an in camera review.  The documents should be submitted in a three ring binder or binders and separately tabbed.

SO ORDERED.

                                                 S/Avern Cohn
                                                 AVERN COHN
                                                 UNITED STATES DISTRICT JUDGE

Dated: January 26, 2016
       Detroit, Michigan